ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

VANESSA BAEHR-JONES (CABN 281715)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Vanessa.Baehr-Jones@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 18-0352 PJH |
|     Plaintiff, | ) **UNITED STATES' SENTENCING MEMORANDUM** |
|   v. | ) DATE: November 21, 2018 |
| KAYBAUN RODGERS, | ) TIME: 11:00 a.m. |
|     Defendant. | ) Hon. Phyllis J. Hamilton |

## INTRODUCTION

The government respectfully submits this sentencing memorandum concerning the defendant, Kaybaun Rodgers. On September 5, 2018, pursuant to a plea agreement, defendant pleaded guilty to Count One of the Information in *United States v. Rodgers*, Case No. 18-0352 PJH, which charges defendant with sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(2). In the Rule 11(c)(1)(C) plea agreement, the parties agreed to a Total Offense Level of 31, and further agreed that a reasonable and appropriate sentence in this case under the U.S. Sentencing Guidelines and 18 U.S.C. § 3553(a) is a 121-month term of imprisonment to be followed by a 20-year term of supervised release. The parties reached no agreement as to defendant's Criminal History Category.

On November 8, 2018, the parties received the U.S. Probation Office's Presentence Report (PSR) in this case. According to the PSR, defendant has a criminal history score of four, which places him in Criminal History Category III. The PSR also calculated a Total Offense Level of 31, resulting in a guideline sentencing range of 135-168 months. The Probation Officer nevertheless concurred with the parties' agreed-upon sentence, recommending a 121-month term of imprisonment, to be followed by 20 years of supervised release.

The government therefore respectfully requests that the Court follow the plea agreement and the Probation Officer's recommendation and impose a sentence of 121-months imprisonment, a 20-year term of supervised release, and a special assessment of $100.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

**I.   Defendant's Conduct**

Pursuant to the plea agreement in this case, defendant admitted the following facts when he pleaded guilty on September 5, 2018:

> From on or about August 28, 2016, to on or about February 19, 2017, defendant used an interactive computer service to post on the internet at least 46 advertisements on the website Backpage.com that depicted and described Minor Victim One and advertised her to engage in various commercial sex acts, to include oral and vaginal sex, in exchange for payment. At the time that defendant advertised Minor Victim One for commercial sex acts, defendant knew that she had not yet obtained the age of 18 years. For example, one advertisement on October 23, 2017, read, "Oakland/East Bay Women Seeking Men" (Post ID:73345813), and was titled, "Blonde Babe Big Booty Pawg – 19." The listed location of the advertisement was "East Bay," "Jacklondon," and "Richmond." The advertisement contained additional text, which read, "Hey fellas the One and Only Vanilla Cakez is back. If you met me then you know how good my desserts are and baby ill treat you better than she ever could . . . [listed phone number] ALLWAYS real never fake." There were five photographs associated with this advertisement,

---

[1] The government concurs with the Probation Officer that defendant is indigent and does not have the ability to pay the $5,000 mandatory JVTA special assessment.

all of which depicted Minor Victim One.

    On October 24, 2017, defendant went to a hotel room where Minor Victim One and a male, who had solicited a commercial sex act through the Backpage advertisement for Minor Victim 1, were located. Defendant proceeded to video record Minor Victim One and the male. In the recording, defendant confirmed with Minor Victim One that she had received $120 for the commercial sex act. Defendant also asked the male whether he knew he was there with a minor and threatened to post the video to Facebook in an effort to extort additional money from the male.

    From on or about August 28, 2016, to on or about April 20, 2018, defendant also collected from Minor Victim One proceeds of commercial sex acts in which Minor Victim One participated. For example, on April 20, 2018, defendant instructed Minor Victim One to send him $50 via Western Union after she had received $200 in exchange for a commercial sex act on or about April 18, 2018.

    On or about October 21, 2017, defendant used Minor Victim One to produce visual depictions of sexually explicit conduct as defined in 18 U.S.C. § 2256. Specifically, defendant used his cellular telephone to record two videos depicting Minor Victim One orally copulating his penis.

Plea Agreement ¶ 2.

In addition to the above conduct, the PSR describes the events that initiated the investigation into defendant. On November 3, 2017, an undercover Union City Police Department Officer responded to an advertisement that described relations with another person. (PSR ¶ 6.) In text messages with the listed number, the undercover officer discussed the price for potential sex acts and set up a meet at a local hotel. (PSR ¶ 7.) Union City Police officers conducted surveillance of the hotel parking lot where the adult victim was dropped off, and discovered defendant waiting in the only car located in the lot. (PSR ¶¶ 7-9.) After searching the car, Union City Police Department found evidence on defendant's cellphone showing he was trafficking multiple other victims. (PSR ¶ 11.)

//

## II.     Defendant's Criminal History

The government agrees with the computation of the criminal history category set forth in the PSR.  (*See* PSR ¶¶ 48-51.)

**ARGUMENT**

To determine the proper sentence, the Court must consider the factors and directives set forth in 18 U.S.C. § 3553(a).  *See United States v. Booker*, 543 U.S. 220, 261 (2005).  Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the Sentencing Guidelines range; Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims.  *See* 18 U.S.C. § 3553(a).  The Court must then determine a sentence that is "sufficient, but not greater than necessary," to achieve the goals of Section 3553(a).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc).  These goals include the need to reflect the seriousness of the offense, promote respect for the law, and provide for just punishment; afford adequate deterrence to criminal conduct; protect the public from future crimes; and provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.  *See* 18 U.S.C. § 3553(a)(2).

Although the Sentencing Guidelines are advisory, they remain the "starting point and initial benchmark" for sentencing.  *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)).  Here, the parties have agreed to a Total Offense Level of 31 based on the following U.S. Sentencing Guidelines provisions:

| | |
|---|---:|
| Base Offense Level, U.S.S.G. § 2G1.3(a)(2): | 30 |
| Use of Computer, U.S.S.G. § 2G1.3(b)(3)(B) | + 2 |
| Commission of a Sex Act or Sexual Contact, U.S.S.G. § 2G1.3(b)(4)(A) | + 2 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1: | - 3 |
| Adjusted Offense Level: | 31 |

(Plea Agreement ¶ 7.)  The Probation Officer concurs in this calculation of the Total Offense Level. Given that defendant is in Criminal History Category III, the resulting guideline sentencing range is 135-168 months imprisonment.  The parties and the Probation Officer, however, believe that a sentence of

121 months is a sufficient, but not greater than necessary, punishment considering the factors set forth in § 3553(a).

Given the seriousness of the offense and the aggravating factors specific to this defendant, the government believes that this sentence is necessary and appropriate under § 3553(a). Defendant's admitted conduct — trafficking and exploiting a minor victim for his own monetary gain — warrants a substantial sentence to achieve a just punishment under § 3553(a)(2)(A). Moreover, here, there is also evidence showing defendant violently assaulted the minor victim on at least one occasion. (PSR ¶ 26.) Additionally, defendant's cellphone contained numerous images of defendant with a firearm. (PSR ¶ 27.) As the PSR correctly notes, firearms are often used by individuals engaged in trafficking minor victims to instill fear in and intimidate the victims they traffic. (PSR ¶ 27.) Of particular importance is the need to deter defendant from committing further human trafficking crimes, and to ensure the safety of the community. A prison sentence of 121 months is also necessary for general deterrence, especially given that defendant's conduct involved the trafficking and exploitation of a minor victim.

Nevertheless, the government recognizes that there are mitigating factors here that justify a below-guidelines sentence of 121 months. As the PSR describes, defendant experienced significant trauma in his childhood: he lacked a relationship with his biological father and was physically abused by his step-father. (PSR ¶ 61.) Since defendant left home as a teenager, he has been homeless. (PSR ¶ 59.) Moreover, although defendant is in Criminal History Category III, this calculation resulted from just two convictions, one of which was a reckless driving conviction. (PSR ¶¶ 48-49.) The government still believes defendant poses a significant danger to the community as his history of arrests and pending murder charge demonstrate. (PSR ¶¶ 52-58.) However, a sentence of 121 months imprisonment is sufficient here to fit the goals of § 3553(a).

In light of the above, a 20-year term of supervised release is also justified. This term of supervised release is essential to protecting the safety of the community and ensuring that defendant does not reoffend. This term of supervision also affords "the most effective manner" for providing defendant correctional treatment. *See* 18 U.S.C. § 3553(a)(2)(D). While "imprisonment is not an appropriate means of promoting correction and rehabilitation," 18 U.S.C. § 3582(a), the opposite is true

of supervised release. *See Tapia v. United States*, 131 S. Ct. 2382, 2390 (2011). In addition to the typical rehabilitative benefits associated with supervision, the Probation Officer has recommended sex offender treatment as part of defendant's supervision. Thus, a lengthy term of supervised release will ensure that defendant continues to receive the kind of treatment that will help prevent recidivism. In short, a 20-year term of supervision serves both defendant's interests and those of the community.

## CONCLUSION

For the foregoing reasons, the government believes that a total sentence of 121 months imprisonment, followed by a 20-year period of supervised release, and a $100 special assessment is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

DATED:     November 14, 2018                    Respectfully submitted,

ALEX G. TSE
United States Attorney

   /S/   *Vanessa Baehr-Jones*
VANESSA BAEHR-JONES
Assistant United States Attorney